GILBERT F. HEUBLEIN ET AL. *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The city charter of New Haven (13 Special Laws, p. 449, § 209) provides
    that the selectmen of the town, whose powers and duties are con-
    fined to passing upon the qualifications of electors, shall each re-
    ceive fifty cents per hour for the time actually spent in the discharge
    of said duties, and his "necessary expenses," to be "paid by the
    city." *Held* that the selectmen had no power to make the city lia-
    ble to third persons for meals furnished to them while they were
    in session as a board of registration for the purpose of admitting
    electors.

Argued January 27th—decided March 4th, 1903.

ACTION to recover for meals furnished to the members of the board of registration of the town of New Haven, and their assistants, upon the order of the board, brought to the City Court of New Haven and tried to the court, *Bishop J.;* judgment rendered for the plaintiffs, and appeal by the city. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*Leonard M. Daggett*, for the appellant (defendant).

*E. P. Arvine*, for the appellees (plaintiffs).

TORRANCE, C. J.   In the fall of 1900 the board of registration of New Haven held a ten days' session for the admis-

sion of electors. The board consisted of five selectmen and the town clerk. To assist in this work the board employed four clerks, and the two registrars of voters of New Haven. During this time the plaintiffs, at the request of the board and upon its order, furnished, at their restaurant, meals to the members of the board and to its clerks and the two registrars, to the value of $226.10. The plaintiffs presented their bill to the city, and, payment being refused, this suit upon the common counts was brought to recover the price or value of the meals so furnished. The court below rendered judgment against the city for the above amount with interest, and the city appeals.

Quite a number of questions are presented by the appeal, but in the view we take of the case it will be unnecessary to consider most of them.

In the discussion of this case we shall assume, without deciding, that if the members of the board of registration had paid the bill here sued upon, the amount so paid could have been recovered by them from the city, under the charter, as a part of their necessary expenses. The plaintiffs' right to sue the city is based upon the provisions contained in § 209 of the city charter. The claim is, that under these provisions the city is made liable to third persons, in cases like the present, for the necessary expenses of the members of the board.

We think this claim is untenable. The town and city governments of New Haven were practically consolidated under an Act approved June 2, 1897. 12 Special Laws, p. 1108. By § 12 of that Act it was provided that the powers and duties of the five selectmen of the town of New Haven should, after a certain date, "be limited to those powers vested in, and those duties imposed upon them by the constitution and laws of the State in relation to the admission of persons to the privileges of electors in said town, and to the erasure from the registry list of the names of those who have forfeited the privileges of electors." It further provided as follows: "Each of said selectmen shall receive fifty cents per hour for the time actually spent in the discharge of said duties, and their necessary expenses, and their compensation and expenses shall be paid by said city." The provisions of

this Act, having been accepted by the electors, were incorporated in the city charter as revised in 1899; and the two provisions above quoted appear in § 209 of said revised charter. 13 Special Laws, p. 449. It is under the language last above quoted that the plaintiffs' right to sue the city is based. We think it gives no such right. Section 209 is mainly concerned with the duties and compensation of the selectmen, and not at all with the board of registration as a board. It provides that each selectman shall " receive " a certain fixed compensation and his " necessary expenses," and that both compensation and expenses shall be paid by the city, although the selectmen are officers of the town. It clearly provides that the " compensation " to each selectman shall be paid to him by the city, and just as clearly, we think, does it provide that the " expenses " of each shall be paid by the city to him, and not to a third party. We think the word " expenses," as here used, means something due from the city to the selectman, for money paid by him, or debt incurred by him, necessarily, in the performance of his duty. The duty imposed upon the city, by the provision in question, is a duty toward the selectmen alone, and not a duty toward a third party with whom they may have incurred a debt as part of their necessary expenses. This being so, there is no privity between the city and the plaintiffs with reference to the indebtedness sought to be recovered in this action. Neither the selectmen, nor the board of registration, nor any member of it by dealing with the plaintiffs as set out upon the record, could bind the city to the plaintiffs for the payment of that indebtedness; nor does the city charter anywhere impose upon the city any duty toward the plaintiffs as to this indebtedness.

For these reasons we think the record shows that the plaintiffs have no cause of action against the city. In this view of the case it is unnecessary to consider the other errors assigned.

There is error, the judgment below is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.